Filed 1/30/25  P. v. Jones CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CORDELL RICHARD JONES,<br><br>Defendant and Appellant. | C095063<br><br>(Super. Ct. No. 21FE009236)<br><br>OPINION ON TRANSFER |

A jury found defendant Cordell Richard Jones guilty of infliction of corporal injury upon a spouse.  The trial court then found Jones had suffered three prior violent or serious felony convictions and sentenced Jones to the upper term of five years, doubled for a prior strike.

On appeal, Jones originally challenged his sentence on several grounds.  We requested the parties brief the possible application of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567).  In his supplemental brief, Jones argued the trial court's sentence also violated the statutory changes made by Senate Bill

1

567.  In an unpublished opinion, we held any potential sentencing errors were harmless and affirmed.

The California Supreme Court subsequently granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*) and *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*).  By separate order, we vacated our decision.  We now reverse and remand the matter for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

At Jones' jury trial, his wife testified that on May 27, 2021, Jones jumped on top of her and forcefully put his hand around her throat.  She moved out of the house, but a few days later Jones followed her in his car, prompting her to call 911 and tell the operator Jones was chasing her and he "is violent and he's already abused me once."  Evidence of Jones' abuse of a prior partner was also introduced at trial.

The jury found Jones guilty of the sole charge of infliction of corporal injury upon a spouse resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a)).[1]

At the October 12, 2021, sentencing hearing, the court stated:  "[C]onsideration of giving you something less than the upper term was given focus.  Eight years is a significant period of time in prison, and I was mindful of the progress you appeared to have made . . . .  [¶] . . . [¶]  . . . The reality is that you have been a repeat, chronic and consistent violent offender over and over and over again.  [¶]  . . . [Y]ou have continued to commit [domestic violence] despite efforts by the criminal justice system to dissuade you, both on probationary terms and supervised county prison commitments and releases."  The court also noted that Jones had been released early on his previous case, but has shown he is "somebody who functions well in an institutional setting and very,

---

[1]     Undesignated statutory references are to the Penal Code.

very poorly and at a great risk to other people, particularly domestic partners, when you're on the outside."

The court continued: "[S]o I am going to impose the upper term in that virtually every factor of [California Rules of Court, rule] 4.421(b) is in place here: Lots of prior convictions, increasing seriousness, on a trajectory that is lessened only by the current offense, because the last time you were committed to state prison was much worse, but the crime, in a sense, is every bit as serious in that it was committed -- it was a serious crime in and of itself, but it was committed after, after, after you had been repeatedly addressed by the criminal justice system, most recently for a very serious and violent offense before the current one.

"You were on parole at the time of the commission of this offense, and you failed to profit in any way in terms of your own development and improvement and the opportunity to take advantage of the early release and put yourself right back into the criminal justice system and now right back into prison.

"You're an intelligent man. I think you are a capable individual in terms of holding down jobs and making money, but, sadly and repeatedly, you have proven yourself not to be somebody who can be out in the public. You are a danger and threat to other people, particularly to domestic partners.

"So I am imposing the upper term of five years, doubled to ten years as a consequence of the strike."

## DISCUSSION

When the trial court sentenced Jones, former section 1170 provided that when a judgment of imprisonment is to be imposed and the statute authorizes three potential terms, "the choice of the appropriate term shall rest within the sound discretion of the court." (Former § 1170, subd. (d).)

Senate Bill 567, effective January 1, 2022, amended sections 1170 and 1170.1 to limit the trial court's discretion to impose a sentence greater than the middle term unless

3

the aggravating factors justify doing so.  (§ 1170, subd. (b)(1), as amended by Stats. 2021, ch. 731, § 1.3.)  "[E]xcepting prior convictions and in the absence of a waiver or stipulation, aggravating facts relied upon to justify an upper term must be resolved by the jury beyond a reasonable doubt."  (*Lynch*, *supra*, 16 Cal.5th at p. 755.)  Historically, "facts regarding prior prison terms have been held not to implicate a constitutional right to a jury under Sixth Amendment principles.  (See [*People v. *]*Towne* [(2008)] 44 Cal.4th [63,] 81 ['trial court's conclusion that the charged offense was committed while the defendant was on probation or parole, like a finding of a prior conviction, does not require judicial factfinding'].)"  (*People v. Falcon* (2023) 92 Cal.App.5th 911, 954, review granted Sept. 13, 2024, S281242, disapproved in part in *Lynch*, *supra*, 16 Cal.5th 730.)  The high court's decision in *Erlinger* recently interpreted the scope of the prior conviction exception, rejecting the argument that the exception "permits a judge to find perhaps any fact related to a defendant's past offenses, including whether he committed them on different occasions" within the meaning of the Armed Career Criminal Act of 1984 (18 U.S.C. § 924(e)).  (*Erlinger*, *supra*, 602 U.S. at p. 836.)  Instead, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' "  (*Id*. at p. 838, quoting *Mathis v. United States* (2016) 579 U.S. 500, 511-512.)  The court noted that to determine the legal elements attached to prior convictions the court may need to consult the relevant admissible documents to ascertain the jurisdiction and date of occurrence.  But the court emphasized a judge may not use information in otherwise permitted documents "to decide 'what the defendant . . . actually d[id],' or the 'means' or 'manner' in which he committed his offense in order to increase the punishment to which he might be exposed."  (*Erlinger*, at pp. 839-840.)

The parties agree, as stated by the People, that under *Erlinger* "none of the aggravating factors in this case comported with the Sixth Amendment."  We agree with the parties.  The trial court found "virtually every factor" of California Rules of Court,

4

rule 4.421(b) to justify imposing the upper term.  This was based on:  Jones being a "repeat, chronic and consistent violent offender"; Jones is "somebody who functions well in an institutional setting and very, very poorly and at a great risk to other people, particularly domestic partners, when you're on the outside"; the crime was "every bit as serious" as his prior crimes, both "in and of itself" and because it was committed "after [Jones] had been repeatedly addressed by the criminal justice system"; Jones "failed to profit in any way in terms of [his] own development and improvement"; and Jones has "repeatedly" proven he is not "somebody who can be out in the public.  [He is] a danger and threat to other people, particularly to domestic partners."  This analysis did more than determine what crime, with what elements, the defendant was convicted of.  (*Erlinger*, *supra*, 602 U.S. at p. 838.)

The parties, however, do not agree on whether the error was harmless.  Jones contends a reasonable juror could have found each factor not true, whereas the People contend the opposite.  We conclude a reasonable juror could find at least one factor not true.

In *Lynch*, our Supreme Court held that where a trial court employed a former version of section 1170, subdivision (b), and relied on facts not proved in compliance with section 1170, subdivision (b) to impose the upper term, the sentence must be vacated and the matter remanded unless we conclude beyond a reasonable doubt that the jury would necessarily have found the facts underlying all circumstances in aggravation relied upon by the trial court true beyond a reasonable doubt.  (*Lynch*, *supra*, 16 Cal.5th at pp. 742-743, 761.)  "In making this determination, we may 'examine[ ] what the jury necessarily did find and ask[ ] whether it would be impossible, on the evidence, for the jury to find that without also finding the missing fact as well.'  [Citation.] . . . [Citation.] We may also find the omission harmless if we can conclude beyond a reasonable doubt 'that the omitted [fact] was uncontested and supported by overwhelming evidence.' " (*Id*. at p. 775, italics omitted, brackets in original.)  Further, because Senate Bill 567

"altered the scope of the trial court's discretion," for sentences imposed under the former version of section 1170, subdivision (b), "the record must clearly indicate that the court would have found an upper term justified had it been aware of its more limited discretion." (*Lynch*, at p. 743; see *id*. at p. 777 [providing examples of the "kind of definitive statements" that our Supreme Court has found to clearly indicate a trial court "would not impose a lesser sentence under any circumstances"].)

The first factor under California Rules of Court, rule 4.421(b) is: "The defendant has engaged in violent conduct that indicates a serious danger to society." On this point, there can be no dispute Jones engaged in violent conduct when he physically assaulted his wife, jumping on top of her and putting his hands around her throat. But whether Jones' violent conduct indicated a *serious* danger to society is not as certain. Our Supreme Court has cautioned against attempting to determine whether a jury would have found true aggravating circumstances that require " ' "an imprecise quantitative or comparative evaluation of the facts." ' " (*Lynch*, *supra*, 16 Cal.5th at pp. 775-776.) " ' "[T]o the extent a potential aggravating circumstance . . . rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." ' " (*Id*. at p. 775.) Such is the case here. Whether Jones posed a serious danger to society is a somewhat subjective inquiry, not capable of precise determination. For instance, the jury might have concluded that because Jones was not armed with a weapon during the commission of the offenses, he did not pose a *serious danger* to society. Or it could have determined that he posed a serious danger to society because of his past violence towards domestic partners, as the trial court found here. Any conclusion on our part would be speculative.

Because we cannot find the omission of a jury finding harmless beyond a reasonable doubt as to the factor under California Rules of Court, rule 4.421(b)(1), Jones'

6

sentence must be vacated and the matter remanded for full resentencing.[2]  (*Lynch*, *supra*, 16 Cal.5th at p. 776.)  Moreover, we agree with Jones that the record provides no clear indication that the trial court would have imposed the upper term in light of the new presumptive middle term.  (*Id*. at p. 777.)

DISPOSITION

Jones' sentence is vacated and the matter is remanded for full resentencing in conformity with section 1170, subdivision (b).  The People may elect to retry the aggravating facts on remand.  In all other respects, the judgment is affirmed.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
MAURO, J.

_____/s/_____
KRAUSE, J.

--------

[2]  Jones makes additional arguments challenging his sentence.  We do not address these arguments as Jones will be entitled to make them at this full resentencing.

7